**Roberto HERNANDEZ, Plaintiff,**

v.

**CONNECTICUT COURT SUPPORT SERVICES DIVISION, et al., Defendants.**

**No. 3:07cv121(MRK).**

United States District Court, D. Connecticut.

Nov. 3, 2009.

A. Paul Spinella, Law Offices of A. Paul Spinella & Associates, Christine Reifschneider Edwards, David K. Jaffe, Brown, Paindiris & Scott, LLP, Hartford, CT, for Plaintiff.

John Rose, Jr., Corporation Counsel, City of Hartford, Nathalie Feola–Guerrieri, City of Hartford, William J. Melley, III, Law Offices of William J. Melley III, Hartford, CT, for Defendants.

## RULING AND ORDER

MARK R. KRAVITZ, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments to the U.S. Constitution, as well as for related claims under the Connecticut Constitution and common law. Pending before the Court are two motions of the Defendants: a Motion for Summary Judgment [doc. # 121] and a Motion to Preclude Expert Testimony [doc. # 120].

The latter seeks to prevent Plaintiff's expert, Lou Reiter, from testifying at trial, while the former seeks summary judgment for all Defendants on all claims. For the reasons that follow, both Defendants' Motion for Summary Judgment [doc. # 120] and their Motion to Preclude Expert Testimony [doc. # 121] are GRANTED in part and DENIED in part.

## I.

The Court assumes the parties' familiarity with the facts, which have been discussed at length previously. *See Hernandez v. Carbone,* 567 F.Supp.2d 320, 325–27 (D.Conn.2008). This suit was brought by Roberto Hernandez against the City of Hartford; the former Chief of the Hartford Police Department, Patrick Harnett; and Hartford police officers Brian Bishop, Mark DiBattista, Gena Liappes, and Detective John Koch. Mr. Hernandez alleges various constitutional and common-law torts arising out of his arrest on February 7, 2005 and his one-year pretrial detention for allegedly robbing a McDonald's Restaurant in Hartford. The State of Connecticut ultimately dismissed the charges against Mr. Hernandez on the eve of trial. Previously, the Court dismissed without prejudice twelve of the twenty-eight claims in the Amended Complaint [doc. # 43], which were various challenges to Connecticut's bail system under the federal and state constitutions. *See Hernandez v. Carbone,* 567 F.Supp.2d at 333. The remaining Defendants have now moved for summary judgment on the sixteen other claims, *see* Defs.' Mot. Summ. J. [doc. # 121], as well as to preclude the testimony of Lou Reiter, Plaintiff's expert on police policies and procedures. *See* Defs.' Mot. Preclude Expert Testimony [doc. # 120]. The Court heard oral argument on the two pending motions on October 27, 2009.

During the hearing and in a supplemental brief [doc. # 140], counsel for Mr. Hernandez voluntarily withdrew all claims against former Chief of Police Patrick Harnett and Officer Brian Bishop, and also withdrew Counts Four, Five, Seven, Eleven, Twelve, Thirteen, Fifteen and Sixteen. Accordingly, those defendants and those claims are no longer in this case. The Court ruled from the bench that there were disputed issues of material fact that precluded summary judgment on seven of the eight remaining claims. Namely, the Court denied summary judgment on Count One, which is a Fourth Amendment unreasonable search and seizure claim against Officer Liappes and Detective Koch brought pursuant to § 1983; Counts Two and Three, which are Fourth Amendment false arrest and malicious prosecution claims, respectively, both brought under § 1983 against Officer DiBattista; Counts Eight and Nine, which are claims of common law recklessness or negligence and common law intentional infliction of emotional distress, respectively, both brought against Officer DiBattista, Officer Liappes, and Detective Koch; Count Ten, which seeks to hold the City of Hartford liable, pursuant to Conn. Gen. Stat. § 52–557n, for the actions of the other Defendants; and Count Fourteen, which would force the City of Hartford, under Conn. Gen. Stat. § 7–465, to indemnify the other Defendants for any sum they would become legally obligated to pay to Mr. Hernandez. The Court also indicated that it would write a brief opinion deciding Count Six of the Amended Complaint, which is a *Monell* claim brought directly against the City of Hartford for its alleged maintenance of a policy, practice, or custom that caused Mr. Hernandez deprivations of rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution. *See* Am. Compl. [doc. # 43] ¶¶ 70–75. This is that opinion.

## II.

The standard for considering a motion for summary judgment is a familiar one and will not be discussed at length here. *See, e.g., Cuttino v. Genesis Health Ventures, Inc.,* No.04cv575(MRK), 2006 WL 62833, at *1 (D.Conn. Jan. 11, 2006). In short, the purpose of summary judgment is not to resolve any factual disputes, but instead to see if there *are* any facts material to a claim that remain in dispute. A genuine factual dispute exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show that there are no disputed issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once that burden has been met, in order to defeat summary judgment the non-moving party must come forth with specific facts, supported by non–conclusory, admissible evidence, that demonstrate the existence of a dispute of material fact. *See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III.

The Supreme Court held in 1978 that municipalities can be sued under § 1983 for the constitutional violations of their employees if those actions occurred pursuant to policy, practice or custom. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 122 (2d Cir.1991). To succeed on a so-called "*Monell* claim," plaintiffs must show that the official policy, practice or custom was the "moving force [behind] the constitu-

tional violation," *Dodd v. City of Norwich,* 827 F.2d 1, 5 (2d Cir.1987), which is to say that it actually *caused* the constitutional deprivation. *See Thomas v. Roach,* 165 F.3d 137, 146 (2d Cir.1999).

▉ In this case, Mr. Hernandez has alleged that his rights under the Fourth and Fourteenth Amendments were violated because of the City of Hartford's inadequate training and/or supervision of police officers. *See* Pl.'s Mem. in Opp'n to Mot. Summ. J. [hereinafter, "Pl.'s Mem. Opp'n"] [doc. # 133] at 19–23. Under either the "failure to train" or the "failure to supervise" theory of liability, Mr. Hernandez must show that the City, through the alleged failures, exhibited "deliberate indifference" to the rights of others. *See Jenkins v. City of New York,* 478 F.3d 76, 94–95 (2d Cir.2007) (discussing failure to train); *Reynolds v. Giuliani,* 506 F.3d 183, 191–93 (2d Cir.2007) (discussing failure to supervise). The Second Circuit has identified three requirements that a plaintiff must show for the failure to supervise or train to be considered the result of deliberate indifference:

> [ (1) ] [T]hat a policymaker knows 'to a moral certainty' that her employees will confront a given situation[;] . . . . [ (2) ] that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation[;] · . . . . [and (3) ] that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.

*Jenkins,* 478 F.3d at 94 (citations omitted). "In addition"—and dispositive of Mr. Hernandez's *Monell* claim here—"at the summary judgment stage, plaintiffs must 'identify a specific deficiency in the city's training program and establish that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation.' " *Id.* (quoting *Green v. City of New York,* 465 F.3d 65, 81 (2d Cir.2006)).

▉▉ In this case, Mr. Hernandez relies heavily on the report of his expert, Lou Reiter, to establish that the "facts alleged in the Complaint demonstrate that the City of Hartford maintained a custom of inadequately training and supervising its police officers in matters of routine investigation and case development." Pl.'s Mem. Opp'n [doc. # 133] at 21. In essence, Mr. Hernandez wants to use what happened to him as demonstrative of general failures in the City of Hartford's training and/or supervision of police officers. But the Second Circuit has made clear that this he cannot do. *See Jenkins,* 478 F.3d at 95 ("Jenkins' personal experience, without more, is insufficient to prove 'deliberate indifference' on the part of the City."); *see also Green,* 465 F.3d at 81–82. Instead, Mr. Hernandez must identify *specific* aspects of the City's training program or supervision that were inadequate to the task at hand and which actually caused the constitutional violations. And yet, at oral argument, counsel for Mr. Hernandez conceded that he could not identify a particular deficiency in the officers' supervision or training, and that Plaintiff's expert, Lou Reiter, did not evaluate materials related to the City's training or supervision programs. *See* Prelim. Expert Report of Lou Reiter [doc. # 128–3] ¶ 6 (listing the materials reviewed by Mr. Reiter in forming his opinion). As the Second Circuit has explained, "[t]he mere fact that [a plaintiff] was falsely arrested, without more, does not show that the City's training program is inadequate. A training program is not inadequate merely because a few of its graduates deviate from what they were taught." *Jenkins,* 478 F.3d at 95. Even "[a] pattern of misconduct, while perhaps

suggestive of inadequate training, is not enough to create a triable issue of fact on a failure-to-train theory." *Okin v. Vill. of Cornwall–On–Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir.2009). Rather, Mr. Hernandez "must offer evidence to support the conclusion that the training program was inadequate, not '[t]hat a particular officer may be unsatisfactorily trained' or that 'an otherwise sound program has occasionally been negligently administered,' and that a 'hypothetically well-trained officer' would have avoided the constitutional violation." *Id.* at 440–41 (*quoting City of Canton v. Harris*, 489 U.S. 378, 390–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Mr. Hernandez has failed to offer such evidence here, and therefore the Court grants summary judgment to the City of Hartford on his *Monell* claim.

Left for trial, then, are Counts One through Three, Eight through Ten, and Fourteen of the Amended Complaint. *See* Am. Compl. [doc. # 43]. The only remaining defendants are Officer Mark DiBattista; Officer Gena Liappes; Detective John Koch; and the City of Hartford on Counts Ten and Fourteen only.

## IV.

 As for Defendants' Motion to Preclude the Expert Testimony of Lou Reiter [doc. # 120], the Court agrees that it would be improper to permit Mr. Reiter to testify about the ultimate issues in this case, such as whether or not the officers had probable cause to arrest Mr. Hernandez or whether their actions were reasonable. Those issues must be left to the Court and the jury. *See United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir.1999) ("[I]n reviewing the use of expert testimony, we [ ] look to see if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts

before it.") (citations and quotation marks omitted); *cf. Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 123 (2d Cir.1930) ("Argument is argument whether in the [witness] box or at the bar, and its proper place is the last.") (Hand, J.). Similarly, Mr. Reiter will not be permitted to testify about any matters that are not fairly disclosed in either his report or his deposition. *See* Prelim. Expert Report of Lou Reiter [doc. # 128–3]; Tr. of Dep. of Lou Reiter [doc. # 128–4].

 However, the Court sees no error in allowing Mr. Reiter to give his opinion as to what other police departments and other well-trained officers do in situations similar to that presented here. *See Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212–13 (D.C.Cir.1997) ("[A]n expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied."). Therefore, Defendants' Motion to Preclude Expert Testimony [doc. # 120] is granted in part and denied part.

## V.

In summary, the Court GRANTS Defendants' Motion for Summary Judgment [doc. # 121] as to Count Six, but DENIES it insofar as it relates to Counts One through Three, Eight through Ten, and Fourteen, which are the only counts remaining for trial. As to Defendants' Motion to Preclude Expert Testimony [doc. # 120], it is GRANTED insofar as Mr. Reiter will not be permitted to testify as to the ultimate issues in this case or about anything not fairly disclosed in his report or deposition, but it is DENIED insofar as Mr. Reiter will be permitted to testify about what other police departments and well-trained officers do in situations similar to this one. **The Clerk is directed to**

terminate Patrick Harnett and Brian Bishop from this case.

IT IS SO ORDERED.